UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

EDWARD GAUDETTE,

      Plaintiff,

v.

WEZA LANDSCAPING &
CONSTRUCTION, INC., and EDWARD T.
WEZA III,

      Defendants.

CIVIL ACTION NO. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Edward Gaudette ("Plaintiff") brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and M.G.L. c. 151.

## INTRODUCTION

1.  Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a), and M.G.L. c. 151.

2.  The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4.      Similarly, M.G.L. c. 151, § 1A requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week.

5.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6.      To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

7.      The Defendants in this case, Weza Landscaping & Construction, Inc. and Edward T. Weza, violated the FLSA and Massachusetts law by failing to pay Plaintiff time and one half for all of his hours worked over forty (40) each week.

## PARTIES

8.      At all times material hereto, Weza Landscaping & Construction, Inc. was and is a domestic for-profit corporation with its principal place of business in Lowell, Massachusetts.

Further, at all times material hereto, Defendant Weza Landscaping was and continues to be engaged in business in Massachusetts.

9.      At all times material hereto, Defendant Edward T. Weza was an individual resident of the Commonwealth of Massachusetts, Middlesex County, who owned and operated Weza Landscaping and who regularly exercised the authority to: (a) hire and fire employees of Weza Landscaping; (b) determined the work schedules for the employees Weza Landscaping; and (c) control the finances and operations of Weza Landscaping.

10.     Defendant Weza is an employer as defined by 29 U.S.C. §201 *et seq.* and M.G.L. c. 151 in that he acted, directly or indirectly, in the interests of Weza Landscaping toward Plaintiff.

11.     Defendants employed Plaintiff from on or about May 2013 until approximately October 5, 2019.

12.     Plaintiff is an individual residing in Lowell, Massachusetts

**JURISDICTION AND VENUE**

13.     This Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14.     This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's state law claims.

15.     Venue is proper in the District of Massachusetts because the events forming the basis of this suit occurred in this District, and Defendant's principal place of business is located in this District.  In particular, Defendant's principal place of business is located at 27 Mansion Drive, Lowell, Massachusetts 01852.

## COVERAGE

16.     At all material times during the last three years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

17.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

18.     At all material times during the last three years, Defendants were each an employer as defined by 29 U.S.C. § 203(d) and M.G.L. c. 151.

19.     At all times material hereto, Plaintiff was an "employee" of Defendant(s) within the meaning of the FLSA and M.G.L. c. 151.

20.     Based upon information and belief, at all material times during the last three years, Defendants had had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21.     At all material times during the last three years, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

     a.      Engaged in commerce; or

     b.      Engaged in the production of goods for commerce; or

     c.      Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment and/or office supplies).

22.     At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

     a.      Operated instrumentalities of commerce;

b.      Transported goods in commerce;

c.      Used channels of commerce;

d.      Communicated across state lines; and/or

e.      Performed work essential to any of the preceding activities.

23.      At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTUAL ALLEGATIONS

24.      Defendants have a common pay policy and/or pay practice which fails to pay certain non-exempt employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

25.      Plaintiff was hired as a mechanic in May 2013 at an hourly rate of $16.00 per hour.

26.      Plaintiff typically began working at or around 7:00 a.m. and worked until 6:00 to 8:00 p.m., or later, Monday through Friday. Plaintiff also worked on Saturdays usually for eight hours per day and was "on-call" on Sundays.  During the winter months, Plaintiff worked "on-call,' which meant he sometimes worked from 2:00 a.m. to noon or even longer.

27.      In his position as mechanic, Plaintiff's job duties included fixing lawn mowers, snow blowers, hedge trimmers; hydraulic lines on Bobcats and big loaders and general vehicle maintenance.

28.      Plaintiff's job duties did not include exempt work.

29.      Defendant improperly misclassified Plaintiff as exempt from overtime.

30.      Defendant failed to record all of the hours worked by Plaintiff.

31.      Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

32.     In fact, the "office hours" or "schedule" required to be worked by Plaintiff resulted in a total of more than forty (40) hours per workweek.

33.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half of his/their regular rate of pay for hours worked over forty (40) in a workweek.

34.     Defendants required Plaintiff to "bank" his overtime hours to be used later as vacation time in order to avoid paying Plaintiff overtime.

35.     Defendants did not pay Plaintiff time-and-one-half his regular rate for using his "banked" overtime hours.

36.     Upon information and belief, Defendants had/has a company-wide policy of failing to pay certain non-exempt employees proper overtime compensation for all of their overtime hours worked.

37.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff.

38.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

39.     Defendants acted willfully in failing to pay Plaintiff in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION
### Fair Labor Standards Act

40.     Plaintiff reincorporates and readopts all allegations contained within the Paragraphs above.

41.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek.

42.     During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

43.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

44.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

45.     Plaintiff is entitled to recover attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II - RECOVERY OF OVERTIME COMPENSATION
## M.G.L. c. 151

46.     Plaintiff reincorporates and readopts all allegations contained within the Paragraphs above.

47.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek.

48.     During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

49.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

50.     As a result of Defendants' willful violation, Plaintiff is entitled to treble damages.

51.     Plaintiff is entitled to recover attorneys' fees and costs.

7

## COUNT III – UNJUST ENRICHMENT

52.     Plaintiff reincorporates and readopts all allegations contained within the foregoing Paragraphs.

53.     As a result of Defendants' actions as set forth herein, Defendants have been unjustly enriched to the detriment of Plaintiff.

54.     As a direct and proximate result of Defendants' unjust enrichment, Plaintiff has sustained actual damages, including lost wages, attorney's fees, related costs and expenses, and other damages in an amount exceeding the minimum jurisdictional threshold of this Court.

55.     Additionally, Plaintiff seeks equitable relief as a result of Defendants' unjust enrichment.

## COUNT IV – BREACH OF CONTRACT

56.     Plaintiff reincorporates and readopts all allegations contained within the foregoing Paragraphs.

57.     Plaintiff and Defendants formed a valid contract at the start of Plaintiff's employment with Defendants.

58.     Defendants breached that contract by failing to pay Plaintiff for all hours worked.

59.     Plaintiff performed his obligations under the contract by performing work for Defendants.

60.     As a result of Defendants' breach, Plaintiff suffered damages, including lost wages, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

a)  The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him;

    b)  Liquidated damages;

    c)  Treble damages;

    d)  Reasonable attorneys' fees and costs incurred in this action;

    e)  Pre- and post-judgment interest as provided by law;

    f)  Trial by jury on all issues so triable;

    g)  Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.


Dated: September 16, 2020        Respectfully submitted,

                        */s/ Kelsey Raycroft Rose*
                        Kelsey Raycroft Rose, BBO #692102
                        MORGAN & MORGAN, P.C.
                        One State Street, Suite 1050
                        Boston, MA 02109
                        P: (857) 383-4903
                        F: (857) 383-4928
                        kraycroftrose@forthepeople.com

                        *Counsel for Plaintiff*